No. 41,852

GEORGE GORDON, *Appellee*, v. CONSOLIDATED SUN RAY, INC., a Corporation (Formerly Consolidated Retail Stores, Inc.), and BERKSON'S, INC., a Corporation, *Appellants*.

(352 P. 2d 951)

Opinion filed June 11, 1960.

*James E. Smith*, of Topeka, argued the cause, and *Bernard M. Borish*, of Philadelphia, Pennsylvania, and *Harry W. Colmery*, of Topeka, were with him on the briefs for appellants.

*Maurice D. Freidberg*, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the lessor to recover against the lessee on account of abandonment of the leased premises prior to the expiration of the lease thereon. From an order overruling defendants' demurrers to plaintiff's petition as amended, defendants appeal.

The petition as amended alleged that on December 26, 1952, George Gordon, plaintiff (appellee), as lessor, entered into a written lease covering certain premises in Topeka with Berkson's, Inc., and Consolidated Sun Ray, Inc. (formerly Consolidated Retail Stores, Inc.), defendants (appellants), as lessee.

The twenty-five year lease, a copy of which was attached to and made a part of the original petition, ran from May 1, 1956, to April 30, 1981. The pertinent provisions thereof imposed upon the lessee the obligation to pay a minimum rental of $30,000 a year in equal monthly installments of $2,500, and all taxes and assessments levied against the leased premises, as well as the obligation to keep the property insured against loss or damage by fire and to repair or rebuild any building on the premises damaged by fire or other casualty, which fire or other casualty would not ter-

minate the lease. The lease further provided that *if lessee should abandon or vacate the premises and should thereupon be in default for payment of any of the moneys agreed to be paid by lessee, lessor might, at his option, re-lease said premises for such rent and upon such terms as he might see fit, and if a sufficient sum should not be realized after payment of the expense of re-leasing and collecting rentals to satisfy the stipulated rent, lessee was to pay and satisfy any such deficiency, and such amount would become due monthly and would constitute a separate cause of action if suit were brought to recover the same at the option of the lessor.*

It was further alleged that on March 17, 1959 the leased premises were damaged by fire, which rendered them untenantable, and they were still in that condition; that in June, 1959 defendants abandoned and vacated the described premises and since June 30 had failed to perform any of the covenants of the lease, including payment of rent, and that on July 8 plaintiff served a notice on defendants, the pertinent portions of which follow:

"The following notices are hereby given you with reference to the lease dated December 26, 1952, between myself as lessor and Consolidated Retail Stores, Inc. and Berkson's, Inc., as lessee, covering the property described as follows:

. . . . . . . . . . . . . .

"On June 30, 1959, you vacated said premises and left the keys to the buildings in my office. I do not consent to nor accept the surrender of the lease and will hold you responsible for your obligations under it.

"You are in default in the payment of rent in the amount of $2,500.00 due July 1, 1959."

It was alleged further that plaintiff had diligently attempted to re-lease said premises for the account of defendants but to date had been unable to do so.

Plaintiff's first four separate causes of action alleged that on the first day of July, August, September and October, 1959 defendants owed him $2,500 for each month as minimum rent, which amounts they had failed to pay.

Plaintiff's fifth cause of action alleged defendants' obligation to pay taxes, their failure to pay the last half of the 1958 taxes in the amount of $5,525.55 and the payment thereof by plaintiff.

Plaintiff's sixth cause of action for the recovery of the estimated cost to restore the buildings has been dismissed.

Plaintiff's seventh and eighth causes of action alleged that under the lease future rents would become due and future taxes would

become due. However, no recovery was sought on either of these causes of action, but they were asserted by plaintiff in order to exercise his right of attachment of defendants' property under G. S. 1949, 60-933.

Plaintiff prayed for judgment on his first five causes of action (rent and taxes), and for sequestration of defendants' property until final judgment on the claims not yet due, as stated in his seventh and eighth causes of action.

Defendants' demurrer to the petition appears to be predicated on the theory that plaintiff had but a single cause of action; *i. e.*, one for damages for breach of the lease; that the petition contained eight separate causes of action apparently drawn on the theory of enforcement in full of the obligations of the lease for the remainder of its term; that a single cause of action may not be split into eight separate and distinct causes of action, and that the petition violated G. S. 1949, 60-704, in that it did not contain a statement of the facts constituting a single cause of action in ordinary and concise language and without repetition.

We are unable to agree with defendants' contention. At no place in the petition did the plaintiff seek to recover a money judgment in full on defendants' obligation under the lease for the remainder of its term. The first four causes of action sought to recover the rent due for each month specified therein, all of which was due at the time the petition was amended. The fifth cause of action was for taxes which had accrued and which remained unpaid at the time of the amendment. The sixth cause of action was dismissed, and the seventh and eighth causes of action sought no recovery in money for the remainder of the term. The plaintiff's petition recognized the lease as still in existence and sought to recover payments past due thereunder.

By the express provisions of the lease a separate and independent cause of action arose each month when there was a deficiency in the manner prescribed therein. The plaintiff was at liberty to allow the causes of action for monthly deficiencies to accumulate, and to recover upon several at the same time. However, he could not recover any deficiency until it had actually occurred and had been ascertained in the manner provided by the lease. By the terms of that instrument defendants agreed that if they should abandon or vacate the premises and should at that time be in default for the payment of moneys, plaintiff might, at his option, re-lease the

premises for such rent and upon such terms as he might see fit, and if sufficient sums should not be realized from such re-leasing, defendants would pay any such deficiency, the deficiency for each and every month to constitute a separate cause of action if plaintiff elected to bring an action to recover for the same. Plaintiff's petition alleged that after the fire the premises were untenantable and he then diligently attempted to re-lease the same for the account of the defendants but was unable to do so.

Clearly, the first four separate causes of action alleged facts sufficient to entitle plaintiff to recover his rent for each month under the terms of the lease, and the fifth cause of action alleged facts sufficient to constitute a cause of action for the recovery of taxes past due under the terms of the lease. The sixth cause of action was dismissed, and the seventh and eighth causes of action asked no recovery but only exercised the right of attachment under G. S. 1949, 60-933.

We cannot sustain defendants' theory that plaintiff was bound to base his action on the breach of the lease as an entirety and recover all the damages in a single action. In *Anderson v. Rexroad,* 180 Kan. 505, 510, 306 P. 2d 137, we said that one who repudiates his obligation under a contract cannot thereafter exercise the right of election contained in its provisions. The right of election passes to the other party, who may elect what alternative he will accept. We further stated that the rule is firmly established in this jurisdiction that where parties by agreement fix the measure of recovery due from one to the other their agreement governs, and abstract principles of law relating to the measure of recovery when agreements are wanting are inapplicable.

This appeal is limited solely to the sufficiency of plaintiff's amended petition as against a demurrer. The issues between the parties have not been joined and plaintiff has had no opportunity to present his evidence to sustain his case. It appears from the argument contained in defendants' brief that they are seeking to enlarge the scope of our review by having us prejudge matters which might or might not become material in determining the propriety or justice of the relief sought. This we cannot do. The extent of our power in the instant case is to determine whether a cause of action has been stated. It follows that the trial court did not err in overruling defendants' demurrers to plaintiff's petition as amended. The judgment of the trial court is affirmed.

It is so ordered.